OPINION
On July 2, 1998, appellants, Donald and Pauline Boop, filed a medical malpractice complaint against numerous health care providers. The named defendants pertinent to this appeal were Larry D. Sander, M.D., and his employer, appellee, Dunlap Family Physicians. Appellants alleged Dr. Sander negligently cared for Mr. Boop resulting in the amputation of Mr. Boop's right lower leg. Appellants alleged appellee negligently employed Dr. Sander. Mrs. Boop's claim was one for loss of consortium. On June 11, 1999, Dr. Sander and appellee filed a motion for summary judgment. On August 19, 1999, Dr. Sander and appellee filed a motion to exclude appellants' expert testimony. On August 31, 1999, appellants voluntarily dismissed Dr. Sander, rendering his motion for summary judgment moot. By judgment entry filed September 9, 1999, the trial court struck appellants' expert testimony and as a result, granted appellee's motion for summary judgment. Appellants voluntarily dismissed the remaining defendants on September 30, 1999. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED WHEN IT STRUCK THE EXPERT AFFIDAVITS OF PLAINTIFFS-APPELLANTS AND EXCLUDED THESE EXPERTS FROM TESTIFYING AT TRIAL.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE.
 I
Appellants claim the trial court erred in striking their expert affidavits and excluding the experts from testifying. We disagree. At the outset, we note the trial court granted the motion for summary judgment on September 9, 1999 and the notice of appeal was filed on October 28, 1999. While the trial court's judgment entry did not contain the magic words "no just cause for delay," the subsequent voluntary dismissal of the remaining parties rendered the entry a final appealable order. Denham v. City of New Carlisle (1999), 86 Ohio St.3d 594. As the voluntary dismissal was filed on September 30, 1999, the appeal was filed within the thirty day deadline prescribed by App.R. 4. By pretrial order filed October 21, 1998, the trial was set for September 27, 1999. All discovery was to be completed and all dispositive motions were to be filed by August 2, 1999. Appellants were to name their lay and expert witnesses by January 14, 1999 and defendants were to name their respective experts by March 15, 1999. At the conclusion of the pretrial order is the following language in clear capital letters: FAILURE OF COUNSEL TO COMPLY WITH THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING DISMISSAL UNDER CIVIL RULE 41, DEFAULT JUDGMENT UNDER CIVIL RULE 45, OR OTHER SANCTIONS PERMITTED BY CIVIL RULE 37 IF THE FAILURE INVOLVES A DISCOVERY MATTER.
On June 11, 1999, Dr. Sander and appellee filed their motion for summary judgment. On June 21, 1999, appellants requested an extension of time in order to complete discovery. Said motion was granted and appellants were given until August 17, 1999 to respond, fifteen days after discovery was to be completed. On said date, appellants filed another request for an extension due to just having received a transcript of the deposition of Dr. Dunham, an employee of appellee's. Said deposition was taken on July 26, 1999, prior to the discovery cutoff date, but the transcript was delivered on August 9, 1999. The trial court granted said motion and gave appellants until August 31, 1999 to respond. On August 19, 1999, Dr. Sander and appellee filed a motion to exclude appellants' experts as they had yet to be identified. On August 26, 1999, appellants filed a brief in opposition to this motion incorporating a previously filed opposition brief filed on August 19, 1999 in regard to a similar motion filed by other defendants. Appellants claimed their delay in providing expert reports was occasioned by the delay of some of the defendants in scheduling requested depositions. Appellee was not listed as one of the defendants causing the delay. Also on August 26, 1999, appellants filed their response to the motion for summary judgment. Attached to this response were the affidavits/reports of Hadley Morganstern-Clarren, M.D. and Richard Bloom, D.O. Dr. Bloom's report was dated March 23, 1999. Both reports indicated they reviewed Mr. Boop's medical records (physician and hospital) in order to render their respective opinions that the standard of care had been breached. However, the reports did not allege Dr. Sander, as an employee of appellee's, had been negligent. By judgment entry filed September 9, 1999, the trial court granted the motion to exclude appellants' experts. The trial court found appellants failed to identify their experts by the deadline (January 14, 1999) and failed to file a motion requesting an extension of the deadline. When a party fails to comply with a discovery order, Civ.R. 37(B) permits a trial court to impose various sanctions, including exclusion of evidence and even dismissal of the claims. Management of the discovery process lies solely within the sound discretion of the trial court. Glick v. Marler (1992), 82 Ohio App.3d 752. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellants argue the striking of their expert affidavits and the exclusion of their testimony was "wholly disproportionate to the infraction to which it was directed." Appellants' Brief at 16. In support, appellants cite the case of Russo v. Goodyear Tire 
Rubber Co. (1987), 36 Ohio App.3d 175, 178-179, wherein our brethren from the Ninth District stated the following: It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. The appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Thus, the trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate. In deciding, the trial court should look to several factors: the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate. With the background of the noncompliance in mind, the trial court must then weigh the severity of the violation and balance it against the degree of possible sanctions. A violation may call for different degrees of sanctions under different circumstances. The trial court should then select that sanction which most appropriately fits the violation, in the context of the case. The reviewing court, in looking at the sanctions so imposed, cannot substitute its judgment for that of the trial court. Its concern is only that the trial court examined the right things and did not act arbitrarily. Thus, the appropriateness of the choice of the sanction imposed is reviewable to the extent that the trial court may have abused its discretion by being arbitrary in selecting too harsh or too lenient a sanction.
Appellants were ordered to name their experts by January 14, 1999. Discovery was to be completed and dispositive motions were to be filed by August 2, 1999. As of August 19, 1999, when Dr. Sander and appellee filed their motion to exclude experts, appellants had yet to name any. Appellants clearly were in violation of the pretrial order. Appellants never asked for an extension. Appellants argue their failure to identify experts was due "in no small part to delays in fact discovery that were no fault of their own." (Emphasis sic.) Appellants' Brief at 15. Appellants point out they had to file two motions to compel in order to obtain requested discovery. However, these motions to compel did not involve Dr. Sander or appellee. In addition, discovery did not have to be complete in order for appellants to simply identify their experts. While expert affidavits/reports could depend on the completion of discovery, forwarding the names of their experts did not. The pretrial order required appellants to name their experts so that the defendants could prepare for their respective defenses. The defendants did not know if they had to prepare for one expert or one hundred. In fact, this case demonstrates the importance of this requirement. In their response to the motion for summary judgment, appellants attached the affidavit/report of Dr. Bloom. Said affidavit/report alleged a breach in the standard of care, but in no way alleged Dr. Sander was negligent. Instead, Dr. Bloom named another of appellee's employees, Dr. Edward Durham. This report was dated March 23, 1999. Dr. Sander was not voluntarily dismissed until August 31, 1999. From March 23, 1999 to August 31, 1999, Dr. Sander, and appellee as his employer, were actively preparing their defense. Had Dr. Sander and appellee been given the name of Dr. Bloom back in January as required, they may have discovered the March report way before August 31, 1999. Appellants also argue the trial court had granted them two Civ.R. 56(F) motions "to extend discovery and permit plaintiffs-appellants time to complete depositions and obtain expert affidavits." Appellants' Brief at 15. Appellants go on to argue "[b]y striking the affidavits of plaintiffs-appellants' experts utilized in opposition to the defendant-appellee's motion for summary judgment, the trial court effectively reversed its prior orders granting two Rule 56(F) motions." Appellants' Brief at 16. Again, appellants are confusing the issue of simple expert identification with discovery issues. The two motions were made in the context of responding to the motion for summary judgment. Appellants claimed they needed more time to complete discovery i.e., obtain a necessary deposition, before they could respond to the motion. The trial court gave appellants until August 31, 1999 to respond. The trial court may have indirectly extended the discovery cutoff date for purposes of this specific summary judgment motion, but in no way extended the requirement that experts be named by January 14, 1999. Appellants did not identify their experts by January 14, 1999 or file a motion for an extension of time to do so. In effect, appellants totally ignored the requirement in the pretrial order. Appellants did not even name their experts by August 19, 1999, the date on which Dr. Sander and appellee filed their motion to exclude expert affidavits. By this time, appellants were in the process of responding to the motion for summary judgment and were well aware of Dr. Bloom as a potential expert given the fact they used his affidavit/report in their response filed August 26, 1999. Based upon the foregoing, we cannot say the trial court abused its discretion in striking the expert affidavits and in excluding the experts from testifying. Assignment of Error I is denied.
 II
Appellants claim the trial court erred in granting summary judgment to appellee. We disagree. Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In reviewing summary judgment, we stand in the shoes of the trial court, reviewing the evidence with the same standard. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Appellants' claim against appellee was for negligence in employing Dr. Sander who was alleged to have been negligent in the care of Mr. Boop. Appellants voluntarily dismissed Dr. Sander on August 31, 1999 therefore, their claim against appellee as employer was moot. Appellant argues "the very real possibility that Dunlap [appellee] could well have been subject to liability as a result of the acts or omissions of its other agents or employees." Appellants' Brief at 18. However, the claim against appellee was based on the negligence of Dr. Sander, no other "agents or employees." Appellants never joined any other agents or employees. Appellee was never put on notice that it may be held liable for the negligence of anyone other than Dr. Sander. As a result, appellee was precluded from adequately preparing a defense as to claims against other agents or employees. Based upon the foregoing, we find no genuine issues of material fact to exist. The trial court did not err in granting summary judgment to appellee. Assignment of Error II is denied. The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
HOFFMAN, P.J. and EDWARD, J. CONCUR.