This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Jane Croskey, et al., ("Croskey"), appeal from the decision of the Summit County Court of Common Pleas, granting summary judgment to appellee, Dr. David Shewmon. We affirm.
On September 8, 1999, Croskey filed a complaint in case number 1999 09 3566 ("second action") in which medical malpractice was alleged. The action had originally been filed under case number 1998 03 1332 ("first action"). In the first action, on February 23, 1999, Croskey voluntarily dismissed Dr. Shewmon pursuant to Civ.R. 41(A); the dismissal was without prejudice, and the action continued as to the other parties. In the second action, Croskey refiled the case to include Dr. Shewmon. However, Dr. Shewmon was not served in the second action until October 3, 2000. On December 19, 2000, Dr. Shewmon moved for summary judgment, asking that the court dismiss Croskey's complaint because it had not been timely commenced. On July 10, 2001, the trial court granted Dr. Shewmon's motion, finding that since Dr. Shewmon was not served within one year, the action was not timely commenced regarding Dr. Shewmon. This appeal followed.
Appellants assert one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS, WHEN IT RULED THAT A VOLUNTARY DISMISSAL OF FEWER THAN ALL DEFENDANTS CONSTITUTED A "FAILURE OTHERWISE THAN UPON THE MERITS" FOR PURPOSES OF OHIO REV. CODE SEC. 2305.19, AND GRANTING DR. SHEWMON'S MOTION FOR SUMMARY JUDGMENT.
In the assignment of error, Croskey asserts that the trial court erred in holding that the action was dismissed as to Dr. Shewmon on February 23, 1999. Rather, Croskey argues that, pursuant to Civ.R. 41(A), a voluntary dismissal of one defendant is not final until the entire action is terminated as to all defendants. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
When only legal questions are involved, as in this case, an appellate court does not afford the trial court any special deference when reviewing a summary judgment determination. Klingshirn v. WestviewConcrete Corp. (1996), 113 Ohio App.3d 178, 180. Rather, the appellate court applies the same standard used by the trial court and reviews the matter de novo. Tyler v. Kelley (1994), 98 Ohio App.3d 444, 446.
The statute of limitations for a medical malpractice action is set forth in R.C. 2305.11(B)(1), which provides that a medical claim shall be commenced within one year after the cause of action accrued. R.C. 2305.19, Ohio's "savings statute," states, "[i]n an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." Further, Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]"
Civ.R. 41(A)(1)(a) provides that a plaintiff can dismiss a case at any time prior to trial by filing a notice of dismissal, unless the defendant has filed a counterclaim which cannot be maintained independently. Unless the parties otherwise present to the court, the dismissal is without prejudice. Civ.R. 41(A). In Denham v. New Carlisle (1999),86 Ohio St.3d 594, 597, the Ohio Supreme Court determined that a Civ.R. 41(A) voluntary dismissal was effectual for a plaintiff to dismiss all the remaining defendants in their action after a partial grant of summary judgment. In reaching its holding, the Ohio Supreme Court noted that a Civ.R. 41(A) dismissal nullifies the action with respect to the parties dismissed from the suit and held that "a Civ.R. 41(A) dismissal should be construed to render the parties as if no suit had ever been brought[.]"Id.
In the case at bar, Croskey asserts that, under Civ.R. 41(A), the voluntary dismissal of Dr. Shewmon could not be a final dismissal until the action was terminated as toward all parties. Accordingly, Croskey argues that, as Dr. Shewmon was properly served in the first action, no further service was necessary when the second action was filed. Pursuant to Denham, however, once Dr. Shewmon was dismissed pursuant to Civ.R. 41(A), he was no longer a party in the medical malpractice action, and there was no case pending against him. See id. The dismissal without prejudice as to Dr. Shewmon left the parties as if no action had been brought at all. Consequently, in order to commence the second medical malpractice action, it was necessary for Croskey to timely obtain service on Dr. Shewmon. Croskey failed to do so.
There is no genuine issue of material fact, and Dr. Shewmon was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment to Dr. Shewmon. Accordingly, Croskey's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR