[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 594.]

**DENHAM, ADMR., APPELLANT, *v.* CITY OF NEW CARLISLE, APPELLEE.**

**[Cite as *Denham v. New Carlisle*, 1999-Ohio-128.]**

*Civil procedure—Trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order, when.*

A trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1).

(No. 98-1935—Submitted May 25, 1999—Decided September 29, 1999.)

APPEAL from the Court of Appeals for Clark County, No. 98-CA-19.

_____

{¶ 1} Appellant, Teresa Denham ("Denham"), initiated a wrongful death action against appellee, the city of New Carlisle ("New Carlisle"), and various other defendants, for the death of her husband, Jerry Denham. In her suit, Denham, who is also the administrator of her husband's estate, claimed that New Carlisle was liable for the death of her husband resulting from the inadequate care he received from the city's emergency medical services personnel.

{¶ 2} New Carlisle filed a motion for summary judgment based on immunity pursuant to R.C. 2744.01 and 2744.02. The trial court granted New Carlisle's motion for summary judgment, stating in its order, "This is not a final appealable order as the case will proceed on the claims against the remaining defendants." Denham then voluntarily dismissed her claims against the remaining defendants in the case pursuant to Civ.R. 41(A)(1).

{¶ 3} Denham filed a timely notice of appeal in the Court of Appeals for Clark County. The court of appeals held that the summary judgment order was an

interlocutory non-final order and dismissed the appeal.

{¶ 4} The Second District Court of Appeals found that its decision was in conflict with the decision of the Eighth District Court of Appeals in *Eiland v. Coldwell Banker Hunter Realty* (1997), 122 Ohio App.3d 446, 702 N.E.2d 116, and entered an order certifying a conflict.

{¶ 5} The cause is now before this court upon our determination that a conflict exists.

――――――――――

*David M. Deutsch Co., L.P.A.*, and *David M. Deutsch,* for appellant.

*Freund, Freeze & Arnold*, *Neil F. Freund* and *Lynnette Pisone Ballato*, for appellee.

――――――――――

**MOYER, C.J.**

{¶ 6} The sole issue presented in this appeal is whether a decision of a trial court granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1). This is a case of first impression before this court.

{¶ 7} Plaintiff-appellant Denham argues that the trial court decision granting summary judgment to New Carlisle is a final appealable order, as all the remaining parties have been dismissed and the summary judgment order for New Carlisle affects a substantial right and essentially determines the outcome of the case. New Carlisle argues that Denham's decision to dismiss the remaining parties to the action does not make the summary judgment decision a final appealable order. Instead, New Carlisle contends that Denham's decision to dismiss the remaining defendants dissolves the summary judgment decision, rendering the entire case as if it never existed and divests the court of appeals of jurisdiction over the appeal.

**{¶ 8}** The jurisdiction of Ohio's courts of appeals is set forth in Section 3(B)(2), Article IV of the Ohio Constitution, which provides:

"Courts of appeals shall have  * * * jurisdiction  * * * to review and affirm, modify, or reverse *judgments or final orders* of the courts of record inferior to the court of appeals  * * *."  (Emphasis added.)

**{¶ 9}** Therefore, we must determine whether the trial court's judgment granting summary judgment for New Carlisle is a final order.

**{¶ 10}** Former R.C. 2505.02 defines a "final order" as:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial  * * *."  141 Ohio Laws, Part II, 3597.

**{¶ 11}** R.C. 2505.02 is to be read in conjunction with Civ.R. 54(B), which provides:

"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.  In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

**{¶ 12}** Civ.R. 54(B) establishes that courts may enter final judgment as to one or more, but fewer than all defendants in an action, only upon an express

determination that there is no just reason to delay entering such a judgment.

**{¶ 13}** An order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67. Here, the court's decision granting summary judgment for New Carlisle meets the requirements of R.C. 2505.02, as it affects a substantial right, that is, Denham's ability to recover against New Carlisle. In addition, the court's summary judgment decision has, in effect, determined the outcome of Denham's case against New Carlisle. The second question is whether the trial court's decision granting summary judgment for New Carlisle meets the requirements of Civ.R. 54(B).

**{¶ 14}** "A dismissal without prejudice leaves the parties as if no action had been brought at all." *DeVille Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O.2d 281, 284, 159 N.E.2d 443, 446. New Carlisle argues that this principle applies to Denham's action against New Carlisle, thus effectively nullifying the trial court's summary judgment decision for New Carlisle and divesting the court of appeals of jurisdiction over the instant appeal. Denham, however, argues that the voluntary dismissal of the remaining parties to the suit does leave the parties as if no action had been brought, but only with regard to the parties who were voluntarily dismissed from the action. Therefore, Denham contends that the trial court's summary judgment decision for New Carlisle is no longer an interlocutory order, but is now a final appealable order. We find merit in this argument.

**{¶ 15}** The determinative issue here is the effect of a Rule 41(A) voluntary dismissal on the remaining parties to the suit. Although this court has not addressed this specific issue, several federal courts have addressed the issue with regard to Fed.R.Civ.P. 41(a)(1), the federal counterpart to Ohio Civ.R. 41(A), which bears almost identical language to the Ohio rule. In *Terry v. Pearlman* (D.Mass.1967), 42 F.R.D. 335, 337, the District Court of Massachusetts held that a dismissal of an

4

action pursuant to Rule 41(a)(1) means all claims against any one defendant, and not necessarily all of the claims against all of the defendants. The United States Court of Appeals for the Ninth Circuit reached a similar conclusion in *Pedrina v. Chun* (C.A.9, 1993), 987 F.2d 608, 609. Additionally, the United States Court of Appeals for the Sixth Circuit apparently reached the same conclusion in *Coffey v. Foamex L.P.* (C.A.6, 1993), 2 F.3d 157, 159. In reaching their decisions, the courts found that the voluntary dismissal of one or more parties did not nullify all the claims brought against each and every defendant, but instead nullified only those claims brought against the parties dismissed under Rule 41(a)(1).

{¶ 16} We are persuaded by the rational of Fed.R.Civ.P. 41(a)(1) and apply it to our interpretation of Civ.R. 41(A), which provides, in part:

"(1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *."

{¶ 17} We interpret this language to mean that a Civ.R. 41 dismissal dismisses all claims against the defendant designated in the dismissal notice and does not apply to defendants named in the complaint who are not designated in the notice of dismissal.

{¶ 18} This court has previously stated its desire to avoid piecemeal litigation. *Gen. Elec. Supply Co. v. Warden Elec., Inc.* (1988), 38 Ohio St.3d 378, 380, 381-382, 528 N.E.2d 195, 197-198. However, in this case all the remaining parties to the suit have been dismissed. Therefore, the only issue to be determined is whether New Carlisle may be liable to Denham. This further supports the contention that a Civ.R. 41(A) dismissal should be construed to render the parties as if no suit had ever been brought, but only with respect to the parties dismissed. For these reasons we find that a Civ.R. 41(A) dismissal nullifies the action only

with respect to those parties dismissed from the suit.

{¶ 19} Because we hold that a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties, the trial court's summary judgment decision meets the requirements of Civ.R. 54(B). Therefore, the trial court's summary judgment decision is a final appealable order.

{¶ 20} For all of the aforementioned reasons, we hold that a trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1). Therefore, the decision of the court of appeals is reversed, and the cause is remanded to that court for further proceedings.

*Judgment reversed*

*and cause remanded.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 21} Today's majority opinion permits a plaintiff to unilaterally achieve final appealability of an interlocutory order where such finality would otherwise be unavailable. Because this decision constitutes an untenable modification of the Ohio Rules of Civil Procedure, I respectfully dissent.

{¶ 22} The issue certified to this court is whether a plaintiff can use Civ.R. 41(A)(1) to convert an interlocutory summary judgment order in favor of one of multiple defendants into a final appealable order by voluntarily dismissing the remaining defendants without prejudice. This issue poses *two* essential questions: (1) does Rule 41(A)(1) permit voluntary dismissals of only some of the defendants

6

in a case (a "partial" dismissal) and (2) if so, does that dismissal cause a summary judgment or other interlocutory order as to another defendant to become final and appealable?

{¶ 23} The majority approaches the certified issue by asking and answering a different question — one that is not dispositive of this issue. Specifically, the majority focuses upon whether a partial voluntary dismissal nullifies claims against all of the defendants in the case, including those subject to a summary judgment order, or whether it only nullifies the claims against those defendants subject to the voluntary dismissal. The answer to this question is almost intuitive and the majority therefore resolves it with ease. But with that question answered, the certified issue remains undecided. Rather, the applicable Ohio and federal cases illustrate convincingly that the issue must be analyzed in the context of the two essential questions set forth above.

I

{¶ 24} The first question in deciding the actual certified issue, then, is whether Civ.R. 41(A)(1) permits selective voluntary dismissals as to only certain defendants. But the express language of Rule 41(A)(1) permits the voluntary dismissal of "*an action.*" Because that language contains no suggestion that the dismissal of individual claims or parties is contemplated, most Ohio courts have held that the term "action" should be given its ordinary meaning and be limited to the dismissal of the entire action, all claims and all defendants. See, *e.g.*, *Borchers v. Winzeler Excavating Co.* (Apr. 10, 1992), Montgomery App. No. 13297, unreported, 1992 WL 82681; *Azar v. Ohio Edison Co.* (Jan. 20, 1999), Summit App. No. 19160, unreported, 1999 WL 38192; see, also, *Lee v. Gross Lumber Co.* (1989), 57 Ohio App.3d 52, 566 N.E.2d 696.

{¶ 25} This conclusion is bolstered by a reading of Section (B) of Rule 41. That section concerns involuntary dismissals for failure to prosecute and allows the court to dismiss either an "*action or claim.*" The use of both terms in Section (B)

supports the conclusion that the omission of the term "claim" in Section (A) was purposeful.

{¶ 26} Also significant is the modifying effect that the majority's opinion will have on the Civil Rules. Prior to today's decision, the rules have allowed the dismissal of defendants in three ways: (1) via an amendment to the complaint under Rule 15(A), which is *by order of court* except during the period of time before a responsive pleading is filed; (2) under a Rule 21 motion, which allows for the dropping of parties in certain instances *by order of the court* upon motion of the parties; or (3) by dismissing an entire action without prejudice under Rule 41(A)(1) and refiling against a different set of defendants, *a tactic that is permitted only once.* The majority's decision today allows circumvention of the safeguards envisioned by these rules by permitting selective dismissal of defendants without leave of court.

{¶ 27} Our answer to the first question, therefore, ought to be that Civ.R. 41(A)(1) does not permit voluntary dismissals as to only certain defendants. The term "action" as used in Civ.R. 41(A)(1) should be accorded its ordinary meaning and construed to apply only to the voluntary dismissal of an entire action rather than certain defendants.

II

{¶ 28} Even if I were to accept the majority's assumption — that partial voluntary dismissals are permitted by Civ.R. 41(A)(1) — there still would be the question of the effect of such a dismissal on the part of the case that remains pending. The majority holds that partial dismissal without prejudice of *some* defendants in an action transforms the interlocutory summary judgment into a final appealable order. I believe that it does not and that the majority bypassed analyzing this point.

{¶ 29} Several federal courts have answered this question when faced with the identical situation presented here: an interlocutory order as to one of the

defendants or claims in a case (such as the summary judgment rendered for the city in the instant case) and a subsequent voluntary dismissal without prejudice of the remaining claims or defendants. In almost every case, interpreting rules nearly identical to our own, the federal courts have adamantly concluded that a voluntary dismissal without prejudice of less than all the defendants or claims *fails to terminate the action, and the interlocutory orders remain interlocutory.* See, *e.g.*, *Chappelle v. Beacon Communications Corp.* (C.A.2, 1996), 84 F.3d 652.

{¶ 30} In *Chappelle*, the court reasoned that because a dismissal without prejudice can always be refiled, there is insufficient finality in the action to render the remaining interlocutory orders final. The court noted, "because a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal [a prior adverse determination] following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." *Chappelle*, 84 F.3d at 654. Sufficient finality is achieved, the court found, only where the dismissals are filed *with* prejudice. *Id.* See, also, *Fletcher v. Gagosian* (C.A.9, 1979), 604 F.2d 637, 639 (rejecting the idea that "the policies against multiplicity of litigation and against piecemeal appeals may be avoided at the whim of a plaintiff"); *Dannenberg v. Software Toolworks, Inc.* (C.A.9, 1994), 16 F.3d 1073.

{¶ 31} So, even if I were to accept the proposition that Civ.R. 41(A)(1) allows a partial voluntary dismissal without prejudice, I cannot agree that such a dismissal converts the existing summary judgment order to a final appealable order.

Conclusion

{¶ 32} Civ.R. 41(A)(1) does not permit plaintiffs to voluntarily dismiss fewer than all of the defendants in their action. Accordingly, I would affirm the appellate court's decision holding the purported dismissal of the defendants a nullity and dismissing the appeal for lack of a final appealable order.

—————————————