OPINION
Plaintiffs George and Linda Wallingford appeal a summary judgment of the Court of Common Pleas of Delaware County, Ohio, entered in favor of defendant Liberty Township and the Liberty Township Trustees Robert Cape, Kim Cellar, and John Werner. Appellants also named as party defendants the Delaware County Regional Planning Commission, the Delaware County Engineer, Chris Bauserman, and the Delaware County Sanitary Engineer, Jack Smelker. The "County" defendants have also filed a motion for summary judgment, but the trial court did not rule on their motion. This portion of the action remains pending, as does appellants' petition for a writ of mandamus. Civ.R. 54 (B) governs judgments entered on multiple claims and multiple parties. The Rule provides: When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties
The Supreme Court has repeatedly held an order of a court is final and appealable only if it meets requirements both Civ.R. 54 (B), and R.C. 2505.02, see, e.g. Denham v. City of New Carlisle (1999),86 Ohio St.3d 594. It appears from the record the requirements of the Civ.R. 54 have not been met, and the decision is not a final appealable order. Pursuant to Article IV, Section 3 of the Ohio Constitution, this court does not have jurisdiction over this matter.
The appeal is dismissed for lack of jurisdiction.
Hoffman, J., and Edwards J., concur