JOURNAL ENTRY AND OPINION
In this consolidated appeal, Alamo Rent-A-Car appeals from a judgment of the common pleas court finding it liable to Robert Ducksworth for $25, 000.00 in Case No. 76892. On appeal, Alamo asserts the court erred when it concluded Alamo's defenses are barred by the doctrine of res judicata and when the court held that Alamo provided liability insurance to Pamela Bridges when she rented one of its vehicles. Additionally, Ducksworth, in Case No. 77434, appeals from a judgment of the court denying his motion for attorney fees. After careful review of both appeals, we have concluded the court erred when it determined Alamo's defenses are barred by the doctrine of res judicata and therefore reverse that judgment of the court. Accordingly, we do not reach the merits of Case No. 77434.
The record before us reflects that Pamela Bridges rented a vehicle from Alamo and on July 21, 1996, became involved in an accident with Robert Ducksworth. The rental contract indicates that Bridges had been the only authorized driver of the vehicle, although Alamo asserts a friend of Bridges, Cynthia Wright, had been driving the vehicle at the time of the accident.
Ducksworth filed a complaint in the common pleas court against Alamo, Bridges and Wright; subsequently, on March 24, 1998, Ducksworth dismissed Alamo without prejudice. On April 15, 1998, Ducksworth dismissed Wright without prejudice and sought a default judgment against Bridges, which the court granted on May 15, 1998, in the amount of $116,000.00. Thereafter, on July 7, 1998, Ducksworth filed a supplemental complaint against Alamo and Bridges, seeking satisfaction of the judgment by way of an insurance policy contained in Alamo's rental agreement.
The court then considered the matter submitted on briefs and on August 2, 1999, the court held that, pursuant to the rental agreement executed between Alamo and Bridges, Alamo agreed to provide Bridges with liability insurance. As a result, the court found Alamo to be liable to Ducksworth in the amount of $25,000.00. Further, the court found that Alamo had adequate notice and an opportunity to defend itself in the underlying action but declined to do so; therefore, the court determined Alamo is estopped by the doctrine of res judicata from relitigating the underlying action. Alamo now appeals from that judgment.
On August 23, 1999, Ducksworth filed a motion seeking attorney fees and/or Civ.R. 11 sanctions. On November 3, 1999, the court denied this motion. Ducksworth now appeals from that judgment.
In Case No. 76892, Alamo sets forth two assignments of error for our review. The first states:
 I. THE TRIAL COURT ERRED, IN ITS RULING, TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT OPPORTUNITY TO PRESENT DEFENSES IT HAD AGAINST DEFENDANT PAMELA BRIDGES.
Alamo asserts the trial court erred when it determined that it could not raise the same defenses against Ducksworth that it had against Bridges because those defenses are barred by the doctrine of res judicata.
Ducksworth, however, asserts that the court correctly determined Alamo had adequate notice of the underlying action and failed to defend itself.
Thus, we are concerned with whether Alamo's defenses against Bridges can be raised against Ducksworth after Alamo had been voluntarily dismissed by Ducksworth from the underlying action.
The court in Denham v. New Carlisle (1999), 86 Ohio St.3d 594 stated:
 [W]e hold that a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties * * *.
See also, DeVille Photography, Inc. v. Bowers (1959), 169 Ohio St. 267. The record before us reveals that Ducksworth voluntarily dismissed Alamo from the underlying action on March 24, 1998 and did not file a supplemental complaint seeking satisfaction of judgment until July 7, 1998. In accordance with Denham, Ducksworth's voluntary dismissal rendered Alamo as if no suit had ever been filed against it. Therefore, Alamo did not have a duty to defend itself in the underlying action. Accordingly, Alamo's defenses against Ducksworth are not barred by the doctrine of res judicata. This assignment of error is well taken.
 II. THE TRIAL COURT ERRED, IN ITS RULING, TO THE PREJUDICE OF APPELLANT IN HOLDING THAT APPELLANT AGREED TO PROVIDE DEFENDANT PAMELA BRIDGES WITH LIABILITY INSURANCE COVERAGE.
Alamo urges Bridges had not been the driver of its vehicle at the time of the accident and therefore, its insurance coverage does not extend to an unauthorized driver.
Ducksworth, however, alleges that based on its own rental agreement, Alamo agreed to provide Bridges with liability insurance.
The issue presented for our review, then, is whether Alamo is an insurer of Bridges.
Our review of the rental agreement reveals the following clause pertaining to liability insurance:
 Unless contrary to state law or otherwise provided by this agreement, if there is no other valid and collectible insurance, whether primary, excess or contingent available to the renter * * * then * * * Alamo shall provide protection against liability for bodily injury, death, or property damage to others up to the minimum financial responsibility limits required by applicable law. * * *.
Further, the rental agreement contains Pamela Bridges' signature.
Therefore, we have concluded that, based on the terms of the rental agreement, Alamo agreed to provide Bridges with the minimum $12,500.00/$25,000.00 liability insurance. Accordingly, this assignment of error is not well taken.
In Case No. 77434, Ducksworth sets forth the following assignment of error for our review, which states:
 THE TRIAL COURT ERRED IN FAILING TO AWARD ATTORNEY FEES TO PLAINTIFFS-APPELLANTS BASED UPON THE FRIVOLOUS CONDUCT OF DEFENDANT-APPELLEE ALAMO RENT-A-CAR IN THEIR FILING OF A MERITLESS ANSWER SUPPORTED BY GROUNDLESS DEFENSES IN THE SUPPLEMENTARY PROCEEDING PURSUANT TO THE DICTATES OF OHIO REVISED CODE 2323.51 AND OHIO RULE OF CIVIL PROCEDURE 11.
Based on our determination regarding Alamo's first assignment of error, Ducksworth's appeal is moot and therefore, we will not address the merits of his claim. See App.R. 12(1)(c).
The judgment in Case No. 76892 is reversed and remanded for further proceedings; in Case No. 77434 the judgment is dismissed as moot.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
ROCCO, J., CONCURS. KARPINSKI, J., CONCURS IN JUDGMENT ONLY AND DISSENTS IN PART (SEE ATTACHED OPINION)
 ________________________________ ANN DYKE, ADMINISTRATIVE JUDGE