JOURNAL ENTRY and OPINION
{¶ 1} Sandra Harper, as the executrix of the estate of Helen Kuhn, brought medical malpractice claims against a number of doctors involved with the treatment of decedent Kuhn. An admitted oversight by Harper's attorney in responding to a summary judgment motion filed by defendant Young Hong, M.D. led to summary judgment being granted in Hong's favor as unopposed. Harper asked the court for relief from judgment, but the court denied relief. Harper appeals, claiming the court abused its discretion by refusing to grant relief from judgment. Procedural quirks associated with this appeal leave us without jurisdiction, so we must dismiss the appeal for want of a final order.
 {¶ 2} Harper filed suit against ten different doctors or medical facilities. During the discovery phase of the proceedings, Harper had difficulty finding an expert who would render an opinion on the medical care provided to decedent. When the court's deadline for submitting an expert report passed without a report from Harper, four defendants, including Hong, filed a joint motion for summary judgment on grounds that Harper had missed the deadline for submitting her expert report by nearly four months. Harper did not respond to the motion, but instead issued a notice of voluntary dismissal without prejudice as to three of the four defendants named in the motion she did not mention Hong in her notice of dismissal.
 {¶ 3} Just days after the court granted Hong's motion for summary judgment, Harper filed a motion for relief from judgment under Civ.R. 60(B). She argued that she did not realize that Hong had been included in the motion for summary judgment, and that fact constituted excusable neglect as a ground for relief. The court denied the motion. Harper then filed a notice of voluntary dismissal without prejudice as to the entire action. She then appealed the order refusing to grant relief from judgment.
 {¶ 4} Civ.R. 54(B) considers a judgment final if it disposes of all claims as to all parties in an action. The court's summary judgment in Hong's favor was not final under Civ.R. 54(B) since it did not dispose of all claims against all parties. At the time the court granted summary judgment, there were still six other named defendants in the action as only three defendants had been properly dismissed by voluntary dismissal without prejudice while the motion for summary judgment had been pending.
 {¶ 5} Because Hong's summary judgment was not final, Harper could not have been granted relief from judgment. Civ.R. 60(B) generally applies to "final" judgments, and "[a]n order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was `no just reason for delay' is not a final, appealable order." See Jarrett v. DaytonOsteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78, syllabus.
 {¶ 6} This is one of those rare times when a party benefits from a mistake, however. Had the order been final and appealable, Harper's attempt to have the court grant her relief from judgment would have been for naught, for the time in which to file an appeal would have lapsed under App.R. 4(A). A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. State ex rel.Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192; State ex rel. McCoy v.Coyle (1997), 80 Ohio St.3d 1430. This means that had Hong's summary judgment been final at the time it was announced by the court, the time in which to appeal would have begun to run from the date on which summary judgment had been granted, and the motion for relief from judgment would not have tolled the time for appeal Harper's appeal would have been dismissed as untimely and the underlying judgment for Hong would have become res judicata.
 {¶ 7} To summarize, the summary judgment rendered in Hong's favor was interlocutory and Harper's motion for relief from the summary judgment was invalid. This leaves us to consider what effect the dismissal of the "action" had on the interlocutory summary judgment.
 {¶ 8} In Denham v. New Carlisle (1999), 86 Ohio St.3d 594, the Ohio Supreme Court held that an interlocutory summary judgment could become final upon the dismissal of the remaining defendants. Harper did not dismiss the "remaining" defendants; she dismissed her entire action. The notice of voluntary dismissal states, "[p]ursuant to Civil Rule 41(A), now comes Plaintiff and hereby voluntarily dismisses the within action without prejudice. Plaintiff specifically reserves the right to refile."
 {¶ 9} We considered this precise issue in Gruenspan v. Thompson
(Oct. 12, 2000), Cuyahoga App. No. 77276. Gruenspan filed an action against a number of defendants. Some of those defendants filed a counterclaim against Gruenspan. Partial summary judgments were granted to some of the defendants on the complaint, as well as to Gruenspan on the counterclaim. Other claims, however, remained outstanding. Despite this, Gruenspan gave notice that "this case is dismissed without prejudice." We held that because the matter remained pending against other defendants, the summary judgments were interlocutory and Gruenspan was deemed to have dismissed the entire action.
 {¶ 10} Likewise, in Soler v. Evans, St. Clair Kelsey (Sept. 26, 2000), Franklin App. No. 99AP-1020, aff'd in part, rev'd in part on other grounds (2002), 94 Ohio St.3d 432, the Tenth District considered this precise factual scenario and held that "Denham is distinguishable from this case because, here, Soler and Connors dismissed all the defendants, rather than any `remaining' defendants. (See Notice of Dismissal, Oct. 21, 1998.) Thus, the summary judgments did not become final upon the dismissal but were dissolved along with any other interlocutory orders."
 {¶ 11} Because Harper chose to dismiss the "action" as opposed to the remaining defendants, she dismissed the interlocutory summary judgment as well. This means that summary judgment which is the object of this appeal is not final. Without a final order, we lack jurisdiction to hear the merits of the appeal.
Dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellees recover of appellant their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR.