JOURNAL ENTRY AND OPINION
{¶ 1} In two cases that have been consolidated for purposes of appeal, plaintiffs-appellants Bernadette and Frederick Peretto appeal in App. No. 81796 from the trial court order that granted summary judgment to defendants-appellees Ronald and Mary Lynn Baron on seven claims the Perettos raised against the Barons.
 {¶ 2} The Perettos assert the trial court's decision the Barons deserved summary judgment on those claims, viz., intentional infliction of emotional distress, assault, invasion of privacy, encroachment, continuing trespass, and two types of nuisance, lacked an adequate basis.[1]
 {¶ 3} Defendants-appellees the Barons cross-appeal in App. No. 81809 from the same trial court order, since it further denied their motion for summary judgment on their counter-claim against Mrs. Peretto and their third-party complaint against Daniel Puttera. The Barons assert they presented the trial court with evidence that warranted a jury trial on their claims of malicious prosecution and civil conspiracy.
 {¶ 4} After a review of the record, this court concludes the trial court correctly decided the Barons did not provide evidence adequate to support their counterclaim and third-party complaint. However, this court further concludes that, as to the Perettos' claims against the Barons, the record does not reflect the trial court fulfilled its Civ.R. 56(C) duties to review all of the competent evidence timely filed in the action and to construe that evidence most favorably to the Perettos.
 {¶ 5} Consequently, the trial court's decision in App. No. 81809 is affirmed, but its decision in App. No. 81796 is reversed, and that appeal is remanded to the trial court for further proceedings.
 {¶ 6} These cases arise out of a dispute between neighbors. The Barons moved into their Broadview Heights home located at 2118 Royalton Road in 1993. At that time, their nearest neighbor was Daniel Puttera, whose property was adjacent to the Barons' property on its western side.
 {¶ 7} Two vacant lots abutted the Barons' property on its eastern side. Although it is unclear how and when it occurred, the asphalt of the Barons' driveway overlapped the property line of the nearer of the vacant lots by a few inches. A wooded area containing a small creek sheltered the northern edge of all of these properties.
 {¶ 8} The Perettos eventually purchased the lot immediately to the east of the Barons' property, and had a house built upon it. The Perettos moved into the new construction in January 1996. At first, both couples presented an neighborly aspect to each other, but the relationship quickly deteriorated as the Perettos had more contact with the Barons.
 {¶ 9} The first incidents involved the couples' respective dogs. The Barons owned two German Shepherds. After one of them bit Frederick Peretto and the Perettos' smaller puppy, the Barons erected a fence along a portion of the property line. In the same manner as the driveway, the Barons' fence encroached upon the Perettos' land by a slight margin, but, since the Perettos were relieved that a barrier was in place, they made no formal complaint about the encroachment.
 {¶ 10} After a time, however, the Perettos tired of Ronald Baron's maintenance of the fence, because he often would trim the grass on their side. The Perettos also objected to Baron's tree-trimming activities on the basis that he would come on their property to prune branches from trees that extended over onto his side. Similarly, the Perettos' placement of a utility shed on their property irritated Baron; Baron claimed it interrupted the flow of the creek water which led to flooding of his land.
 {¶ 11} Their mutual protests and demands that each accede to the others' perceived rights quickly led to various confrontations between the Barons and the Perettos. These included insulting verbal exchanges, petty gestures of harassment, retaliatory actions, and summons of the police. In mid-1998, the Barons filed a small claims municipal court action against the Perettos. During the same time period, Ronald Baron received several citations for violations of city ordinances; Baron was convicted of some of these offenses.
 {¶ 12} In March 1999, an incident occurred that further escalated the enmity between the neighbors. Upon witnessing what she believed was a deliberate attack upon Puttera by Ronald Baron's two dogs at Baron's command, Bernadette Peretto called the police. Thereafter, the Cuyahoga County Grand Jury indicted Baron on a charge of felonious assault. Baron ultimately was acquitted of the charge.
 {¶ 13} In June 1999, the Perettos filed the action that forms the basis for this court's case No. 81796. The Perettos set forth the following nine causes of action against the Barons: 1) intentional infliction of emotional distress; 2) verbal assault; 3) trespass; 4) and 5) property encroachment and continuing trespass upon property; 6) malicious prosecution; 7) invasion of privacy; 8) noise nuisance; and 9) property nuisance.
 {¶ 14} In September 1999, the Barons filed an answer, a counterclaim against Bernadette Peretto, and a third-party complaint against Bernadette Peretto and Daniel Puttera. In their counterclaim and third-party complaint, the Barons set forth causes of action of malicious prosecution, civil conspiracy, and invasion of privacy.
 {¶ 15} After Mrs. Peretto and Puttera answered the foregoing claims with denials, the parties pursued discovery. The record reflects several transcripts of deposition testimony were filed during this time period.
 {¶ 16} In March 2001, Puttera filed his motion seeking summary judgment on the Barons' third-party complaint against him. He relied upon portions of deposition testimony, and upon court documents relating to Ronald Baron's indictment and trial on the felonious assault charge.
 {¶ 17} In April 2001, pursuant to the trial court's order, several additional items were filed. First, the Barons filed a brief in opposition to Puttera's motion; although the Barons argued their claims against Puttera had merit, they attached no evidentiary material to support their argument.
 {¶ 18} The Barons also filed their own motion seeking summary judgment on the Perettos' claims against them. The Barons essentially argued the Perettos' claims were based only upon their hurt feelings and deliberate incitement of Ronald. The Barons supported their argument with reference to deposition testimony; in addition, they attached several documents to their motion. However, the documents bore neither verification nor authentication.
 {¶ 19} The trial court additionally received two separate motions, viz., the Peretto's motion for summary judgment on their complaint, and Bernadette Peretto's motion for summary judgment on the Barons' counterclaims. The Perettos attached numerous documents for the trial court's consideration to these motions; the documents included counsel's and Mrs. Peretto's affidavits. These affidavits gave authentication to the other attachments, which included photographs and police reports of Ronald Baron's disruptive activities. Mrs. Peretto's affidavit also described some of the incidents that had occurred in the neighborhood.
 {¶ 20} In May 2001, the Barons filed opposing briefs, but, once again, failed actually to attach any evidentiary material.[2] In contrast, the Perettos' responsive briefs to the Barons contained Mr. Peretto's affidavit. He corroborated much of his wife's statements concerning Ronald Baron's actions toward them.
 {¶ 21} In June 2001, the court set the case for trial to be held the following March. The record reflects that in September 2001, the Perettos requested the issuance of a temporary restraining order against Ronald Baron. The trial court granted the request after reviewing the evidence presented in support of it. Baron was ordered, inter alia, not to communicate with the Perettos in any fashion, not to have any physical contact with them, and not to damage any of the Perettos' property.
 {¶ 22} The record reflects that although the parties prepared for trial as originally scheduled, the trial court postponed the proceeding until August 2002. Nevertheless, on the date set for trial to commence, the court issued an opinion and entry that in a generally cursory fashion disposed of most of the outstanding motions filed by the parties the previous year.
 {¶ 23} The trial court's order granted Puttera summary judgment on the Barons' third-party complaint, and granted Bernadette Peretto summary judgment on the Barons' counterclaim. The order further granted the Barons' motion for summary judgment on seven of the Perettos' nine claims, leaving only their claims of trespass to land and malicious prosecution for trial. The trial court based its decision upon its viewpoint that the case "involve[d] a long-standing, drawn out and contentious dispute between neighbors," and its perception the Perettos had failed to present adequate evidence to support most of their claims.
 {¶ 24} Subsequent to the foregoing order, the Perettos dismissed their remaining two claims without prejudice pursuant to Civ.R. 41(A). This gave finality to the order, thus permitting the Perettos to file App. No. 81796. Denham v. New Carlisle, 86 Ohio St.3d 594, 1999-Ohio-128.
 {¶ 25} True to the history of this relationship between the parties, the Barons thereafter filed their own appeal from the trial court's denial of their motion for summary judgment on their counterclaim and third-party complaint; it was designated App. No. 81809.
 {¶ 26} The two appeals since have been consolidated by this court for briefing and hearing. In the interest of expediting the discussion of the disposition of these appeals, this court will consider App. No. 81809 first.
 {¶ 27} The Barons present the following single assignment of error:
 {¶ 28} "Whether The Trial Court Erred In Granting Plaintiff's And Third Party Plaintiff's Motions For Summary Judgment (sic)"
 {¶ 29} Distilled to its essence, the Barons assert the trial court incorrectly concluded they failed to support their claims against Mrs. Peretto and Puttera. The Barons' assertion is rejected.
 {¶ 30} When a court considers a motion for summary judgment, the moving parties bear the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to any material element of the opposing parties' claims. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107. If the moving parties do so, the nonmovants "may not simply rest upon the mere allegations" of their pleadings, but instead must file a "response, by affidavit or otherwise as provided" in Civ.R. 56(C), and "must set forth specific facts showing there is a genuine issue for trial." Civ.R. 56(E); Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108.
 {¶ 31} A review of the record in this case reveals the Barons' response failed to meet their burden. Puttera filed court documents in the form of an indictment that proved probable cause existed for Ronald Baron's prosecution on a charge of felonious assault. Deoma v. ShakerHeights (1990), 68 Ohio App.3d 72. In addition, Mrs. Peretto's affidavit stated that at Ronald Baron's trial she merely had testified as to what she observed about the incident that precipitated the charge. She further stated she barely knew Puttera. During one of her depositions, moreover, she denied ever having spoken to Puttera about the incident prior to its occurrence.
 {¶ 32} The Barons, however, filed neither affidavits nor other competent evidence to support either a claim of malicious prosecution or civil conspiracy. Instead, they merely repeated the allegations they made in their pleadings.
 {¶ 33} Under these circumstances, the trial court properly granted summary judgment to Puttera and Mrs. Peretto. Accordingly, the Barons' single assignment of error is overruled.
 {¶ 34} The trial court's decision in App. No. 81809 is affirmed.
 {¶ 35} In App. No. 81796, the Perettos present the following assignments of error:
 {¶ 36} "Whether The Trial Court Erred In Finding That There Is No Genuine Issue Of Material Fact And Reasonable Minds Can Come To But One Conclusion As To Counts 1 (Intentional Infliction Of Emotional Distress, 2 (Assault And Battery), 4 (Encroachment), 5) Continuing Trespass), 7 (Invasion Of Privacy), 8 (Noise Nuisance), And 9 (Creek Debris Nuisance) And Such Conclusion Is Adverse To Plaintiffs.
 {¶ 37} Whether The Trial Court Erred In Denying Plaintiff's Motion For Summary Judgment On Plaintiff's (sic) Complaint Filed On April 13, 2001."
 {¶ 38} This court will address only the Perettos' first assignment of error, since it is dispositive of this appeal. App.R. 12(A)(1)(c).
 {¶ 39} As previously stated, the trial court must follow the dictates of Civ.R. 56 in considering a motion for summary judgment. Thus, only if the moving parties discharge their initial burden, and, correspondingly, the nonmoving parties fail to meet their reciprocal burden, is summary judgment for the moving parties appropriate. Dresherv. Burt, supra.
 {¶ 40} Moreover, the trial court may not weigh the evidence; rather, the nonmoving parties are entitled to have the competent evidence filed in the action construed most strongly in their favor. Zivich v.Mentor Soccer Club, 82 Ohio St.3d 366, 1998-Ohio-.
 {¶ 41} With the foregoing principles in mind, App. No. 81796 must be remanded to the trial court on the authority of the following decisions: Swymn v. Owners Ins. Co., Inc. (Apr. 7, 1999), Scioto App. No. 98CA2582; Moravec v. Hobeika (Dec. 24, 1998), Hamilton App. No. C-980136; Norwell v. Cincinnati (May 28, 1997), Hamilton App. No. C-960500; see also, Heiman v. Metlife Auto Home Ins. Co. (Dec. 7, 2000), Cuyahoga App. No. 77898.
 {¶ 42} Civ.R. 56(C) requires the trial court in the first instance to review the evidence properly submitted pursuant to subsection (E) prior to rendering summary judgment. It then may construe that evidence, and, further, must do so in the nonmovants' favor.
 {¶ 43} Clearly, the Barons filed no affidavits to lend support to their denials of the claims the Perettos' asserted in their complaint. On the other hand, the appellate record of these cases contains several envelopes of the Perettos' transcribed testimony filed in compliance with Civ.R. 56(E) that appear never to have been unsealed by the trial court. It therefore is impossible for this court to determine whether the Barons deserved summary judgment on the seven claims of the Perettos' complaint against them.[3]
 {¶ 44} This court often has held that the trial court's decision on a motion for summary judgment is reviewed "de novo;" however, that phrase implies that the decision is reviewed "anew," rather than that the decision is made for the trial court. At their core, the provisions of Civ.R. 56 require the trial court to ensure its decision has an adequate foundation.
 {¶ 45} The conclusion that an adequate foundation is lacking in this case finds support not only in the record, but also in the language of the trial court's opinion and order. The trial court states that the "motions and briefs filed by the parties" supports a grant of summary judgment for the Barons on the Perettos' seven various claims; the trial court declares neither that all of the evidence filed pursuant to Civ.R. 56(E) also supports the decision, nor that all of the competent evidence was construed most strongly in the Perettos' favor.
 {¶ 46} Under these circumstances, the Perettos' first assignment of error has merit. Heiman v. Metlife Auto Home Ins. Co., supra;Kohrman, Jackson Krantz v. Harris (Sept. 14, 2000), Cuyahoga App. No. 76873. It is, accordingly, sustained.
 {¶ 47} The order of the trial court in App. No. 81796 is reversed. That portion of the case is remanded.
 {¶ 48} After remand, the record must reflect that the trial court considered the evidence thoroughly as required by Civ.R. 56(C) before it determines whether summary judgment against the Perettos on any or all of their seven claims is appropriate.
 {¶ 49} Judgment in these two consolidated appeals is rendered accordingly.
ANNE L. KILBANE, J. and ANTHONY O. CALABRESE, JR., J. CONCUR
[1] The Perettos filed two additional claims against appellees which they subsequently voluntarily dismissed pursuant to Civ.R. 41(A). Presumably, appellants may re-file these two claims, since the trial court permitted the claims to be dismissed without prejudice.
[2] The record includes a packet of paper which bears the written notation "Exhibits to Defendant's Brief in Opp to Plaintiff's Motion for Summary Judgment" on the facing page. The facing page of this packet, however, is addressed to opposing counsel and lacks any stamp that indicates it was filed in the trial court.
[3] Indeed, the trial court's issuance of a restraining order against the Barons is an indication to the contrary.