JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Sprint Corporation and United Telephone Company of Ohio (collectively referred to as "Sprint" where appropriate), and defendant-appellee/cross-appellant, Continental Casualty Company ("Continental"), appeal the judgment of the Cuyahoga County Common Pleas Court that declared the respective rights and obligations between these parties under business auto and excess commercial policies issued by Continental to Sprint.
 {¶ 2} In November 1997, while acting within the course and scope of his employment with plaintiff-appellant, United Telephone Company of Ohio, a wholly-owned subsidiary of Sprint, defendant David Lamphear sustained serious injury after colliding with an uninsured motorist while Lamphear was operating a vehicle owned by his employer. Sprint had in effect two policies of insurance with Continental, a business auto policy and a commercial catastrophe liability or excess policy.
 {¶ 3} After Lamphear's claim was denied by Continental, Lamphear and his wife, Diana, brought suit against Continental in the common pleas court, seeking a declaration that the Lamphears were entitled to uninsured motorist ("UIM") benefits under the Continental policies. Continental argued that the Lamphears were not entitled to these benefits because Sprint rejected UIM coverage. The trial court agreed with Continental and granted judgment in its favor. Finding Sprint's rejection of UIM benefits invalid, this court reversed and entered judgment in favor of the Lamphears. See Lamphear v. Continental Cas. Co. (May 24, 2001), Cuyahoga App. No. 78325, 2001 Ohio App. Lexis 2319.
 {¶ 4} In August 2001, Sprint filed a four-count complaint against Continental and the Lamphears. According to Sprint's complaint, Continental claims to be entitled to reimbursement under the business auto policy according to the reimbursement endorsement contained in that policy and a self-insured retention provision under the excess policy. Succinctly, the reimbursement endorsement requires reimbursement from Sprint for the first $2,000,000 of any claim paid by Continental and the self-insured retention provision obligates Sprint to pay the first $100,000 of any claim made under the excess policy. As a result of these claims, Sprint sought a declaration that it was not obligated to Continental under either policy. Sprint alternatively brought claims against Continental based on estoppel, negligence and breach of contract in the event the trial court found Sprint liable. The alternative claims were based on Continental's alleged failure to properly effectuate the rejection of UIM coverage.
 {¶ 5} The trial court eventually dismissed the Lamphears as parties and Sprint and Continental thereafter both moved for partial summary judgment on Sprint's claim for declaratory judgment.[1] Finding that Sprint was not a self-insured entity or self-insured in the practical sense, the trial court opined that Sprint was not relieved of its obligation to provide UIM benefits under the Ohio Revised Code. Continuing, the court stated:
 {¶ 6} "Sprint contracted with Continental for insurance. Since Continental did not provide an appropriate legal written waiver of the UIM coverage, such coverage is imposed by the operation of law. The policies of insurance that were in place between Sprint and Continental did not provide for UIM coverage. Such coverage was imposed by operation of law. This Court will not assume and impose terms of the contract for reimbursement of the UIM claims unless the language of the contract expressly refers to such claims. The insurer must bear the risk of the language it chooses in its policies."
 {¶ 7} The court thereafter made the following declaration as pertains to the business auto policy:
 {¶ 8} "This declares in regard to Count One of the Plaintiff's complaint that Continental, the Defendant herein, is not entitled to reimbursement from Sprint for the first $2,000,000 of settlement that it paid to the injured party, David Lamphear while operating a Sprint vehicle in the course and scope of his employment. The total settlement with Mr. Lamphear and his wife, Diana, totaled $2,250,000. As the UIM coverage was imposed by operation of law, its limits of liability are equivalent to the underlying limits of liability of the policy of $2,000,000. Continental must bear the risk of loss for the first $2,000,000."
 {¶ 9} As pertains to the excess policy, the court made the following declaration:
 {¶ 10} "As the total settlement exceeded the UIM coverage limits imposed by operation of law, the remaining $250,000 is subject to the excess policy. There is a $100,000 self-insured retention obligation on the part of Sprint. Therefore, Sprint owes the next $100,000 as [a] way of reimbursement to Continental for payments made over $2,000,000. Continental is not entitled to any further reimbursement from Sprint as a result of a payment to the Lamphears. This resolves all of the issues related to CountOne of the Complaint." (Emphasis added.)
 {¶ 11} Both Sprint and Continental appealed this order. Because it does not address Sprint's remaining claims, however, it is not an order capable of immediate review by this court.
 {¶ 12} It is axiomatic that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), ArticleIV, Ohio Constitution. Lack of finality renders this court without jurisdiction to review the matter and the appeal must be dismissed. See, generally, Stevens v. Ackman (2001),91 Ohio St.3d 182. As is pertinent to this case, R.C. 2505.02(B)(1) defines a final order as one that "affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 13} Moreover, because this appeal involves multiple claims, the requirements of Civ.R. 54(B) must also be met. SeeDenham v. New Carlisle (1999), 86 Ohio St.3d 594, 596. This rule provides, in relevant part:
 {¶ 14} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims * * *, shall not terminate the action as to any of the claims * * *."
 {¶ 15} In this case, the parties both moved for partial summary judgment and the court expressly stated that its order "resolves all of the issues related to Count One [declaratory judgment] of the Complaint." The order did not include any language to the effect that there was no just reason for delay. Because the court's order imposed liability on Sprint under the excess policy, Sprint's alternative claims for estoppel, negligence and breach of contract remain pending before the trial court. The order appealed from is, therefore, not immediately reviewable by this court.
 {¶ 16} The appeal is dismissed.
Appeal dismissed.
Karpinski, P.J., and Calabrese, Jr., J., concur.
It is ordered that appellee and appellants equally share costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] During the course of this litigation, the Lamphears settled their claims with Continental for $2,250,000.