ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v.Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Appellants argue that the common pleas court erred by granting summary judgment in favor of appellee on appellants' request for a declaratory judgment to construe the terms of a Declaration of Covenants, Conditions and Restrictions which restricted the use of property in the residential development in which appellants' home was constructed.[1] The court dismissed the other claims appellants made against appellee at appellants' request pursuant to Civ.R. 41(A)(2), without prejudice, thus rendering final the judgment on appellants' request for declaratory judgment. Cf. Denham v. New Carlisle,86 Ohio St.3d 594, 1999-Ohio-128.
 {¶ 3} The Declaration at issue states:
 {¶ 4} "Any proposed building must be in harmony with the architecture of buildings on neighboring properties. All fronts will be approximately fifty percent (50%) natural material such as wood, stone, or brick. Brick or stone to grade is required on all sides of the residence."
 {¶ 5} Appellant contends that the final sentence of this provision should be construed to require that all exterior walls must be constructed of stone or brick, from top to grade. The trial court concluded that this construction would be incompatible with the penultimate sentence, with allows approximately half of the fronts to be constructed of "natural material," including wood as well as stone or brick.
 {¶ 6} The plain meaning of the phrase "to grade" indicates that the brick or stone must extend to the ground; it does not define how high the brick or stone surface must reach. We agree with the trial court that it is unreasonable to construe this provision to mean that entire surface of all sides of the homes must be brick or stone, as appellant argues. Rather, we accept the plain meaning of the declaration, and find the lack of a definition of the height of the brick — or stonework was intentional, to allow for different construction methods and combinations.
Affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Sweeney, J. Concur.
[1] The court actually declined to enter the declaratory judgment requested by appellants. However, the court did not enter a judgment construing the Declaration as proposed by appellee. Rather, the court did not enter any declaration at all, on the ground that appellee did not counterclaim for a declaratory judgment.
The court has the power to refuse to enter a declaratory judgment "if the judgment * * * would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought." R.C.2721.07. Appellants' brief in support of their motion for summary judgment asserted that appellee had sold some of the other lots and that homes were being constructed which, in appellants' view, did not conform to the declaration. Those other homeowners were not parties to this action. Therefore, any judgment as between appellants and appellee would not terminate the controversy as to the meaning of the declaration. See Bretton Ridge Homeowner'sClub v. DeAngelis (1988), 51 Ohio App.3d 183.