ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellants Grace Kudukis and Raymond Kudukis[1]
appeal from the ruling of the Cuyahoga County Common Pleas Court that granted defendants-appellees Aligimantias Mascinskas and Algis Petkus's[2] motion for sanctions in the amount of $35,000. For the reasons that follow, we vacate and enter judgment for plaintiffs.
 {¶ 3} On March 20, 2002, the trial court granted defendants' motion for summary judgment. On July 11, 2002 the trial court granted summary judgment to the other co-defendants. On August 12, 2002, the trial court granted defendants' motion to dismiss their counterclaims without prejudice, which dispensed with the only remaining claims among the parties in this case. Plaintiffs appealed to this Court.
 {¶ 4} This Court affirmed the trial court's decisions in Kudukis v.Mascinskas, Cuyahoga App. No. 81663, 2003-Ohio-1355. The Ohio Supreme Court initially accepted the matter for review but then dismissed it as being improvidently allowed. Kudukis v. Mascinskas, 99 Ohio St.3d 1512,2003-Ohio-3957, appeal dismissed by Kudukis v. Mascinsckas,102 Ohio St.3d 1212.
 {¶ 5} On July 10, 2003, defendants filed a motion for sanctions pursuant to R.C. 2323.51. The trial court held a hearing on the motion on September 8, 2004. Plaintiffs opposed the motion in part on the ground that it was untimely filed. The trial court ultimately granted defendants' motion for sanctions and ordered plaintiffs to pay $35,000 in attorney fees.
 {¶ 6} "I. The trial judge erred, as a matter of law, by entertaining a motion for sanctions that had been filed almost a year past the twenty-one (21) day deadline imposed by R.C. § 2323.51(B)(1)."
 {¶ 7} Defendants assert that they filed a motion for sanctions within twenty-one days from the date the trial court granted their motion for summary judgment. Defendants, however, do not refer us to the location of this motion in the record; we do not find it in the record; nor do we see it reflected on the docket. The docket instead reflects that defendants filed a motion for sanctions on July 10, 2003, which was nearly a year after the trial court's August 2002 final order that granted defendants' motion to dismiss the only remaining counterclaim.[3] R. 126.
 {¶ 8} R.C. 2323.51(B)(1)[4] provides in relevant part:
 {¶ 9} "* * * at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action * * * the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action * * * to any party to the civil action * * * who was adversely affected by frivolous conduct. * * *"
 {¶ 10} The Ohio Supreme Court has construed the word "judgment" as contained in R.C. 2323.51(B)(1) to "mean a final appealable order." Solerv. Evans (2002), 94 Ohio St.3d 432. A trial court's decision granting one party summary judgment does not become a final and appealable order until all pending counterclaims are dismissed. Id.; see, also, Denham v. NewCarlisle, 86 Ohio St.3d 594, syllabus (holding "[a] trial court's decision granting summary judgment to one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)"). Based on this precedent, defendants had the option of filing a motion for sanctions either twenty-one days after the trial court's decision that awarded them summary judgment or twenty-one days after the trial court's order that granted their motion to dismiss their counterclaims. Soler, supra.
 {¶ 11} Defendants argue that Soler stands for the proposition that the aggrieved party has the option of waiting until the last judgment of the case; which, they contend, includes all appellate decisions. We reject this contention for two reasons. First, the plain language of Soler
construed "judgment" to mean a final appealable order from the trial court and not the last appellate decision in a case. Id. at 436 ("the final judgment in the case did not come until Soler voluntarily dismissed her suit"). Secondly, the Ohio Supreme Court in Soler observed that "[t]he plain meaning of the [R.C. 2323.51] statute provides a means for an immediate judicial determination and a speedy sanctioning of such abuse." Id. at 436 (emphasis added). This serves the interests of justice by resolving frivolous claims promptly rather than causing unneccesary expense to parties subjected to frivolous claims. Prompt resolution also prevents a chilling effect on those litigants who are unsuccessful at the trial level and may opt to abandon otherwise meritorious appeals for fear of a possible sanction at the end of the litigation.
 {¶ 12} Beyond their interpretation of Soler, defendants offer us no other authority (and we find none) that would support their position that a R.C. 2323.51(B)(1) motion could be filed within twenty-one days from the last appellate decision. Therefore, the trial court should have denied defendants' motion for sanctions as untimely.
 {¶ 13} Assignment of Error I is sustained.
 {¶ 14} "II. The trial judge violated plaintiff-appellants' fundamental due process rights by refusing to permit a full and fair hearing as required by R.C. § 2323.51.
 {¶ 15} "III. The trial judge erred, as a matter of law, by refusing to estop defendant-appellees from proceeding with the motion for sanctions once they violated the agreement that they would appear for cross-examination.
 {¶ 16} "IV. The trial judge erred, as a matter of law, by imposing sanctions under R.C. § 2323.51."
 {¶ 17} The remaining assignments of error are moot and need not be addressed.
Vacated; judgment entered for plaintiffs.
It is ordered that appellants recover of appellees their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and McMonagle, J., Concur.
[1] Referred to herein as "Ms. Kudukis" and "Mr. Kudukis" individually and "plaintiffs" collectively.
[2] Referred to collectively herein as "defendants."
[3] It was also nearly three months after this Court's decision was issued on plaintiffs' original appeal. R. 123.
[4] Although this statutory provision was substantively revised effective April 7, 2005, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. Thus, we must apply the prior version of R.C. 2323.51(B)(1) in resolving the issue in this case.