DECISION AND JUDGMENT
{¶ 1} Appellee, Louisville Title Agency for N.W. Ohio, Inc. ("Louisville Title"), has filed a motion for reconsideration of our decision of April 1, 2009, in which we denied its motion to dismiss the appeal filed by appellants, Lyndell O'Hara, et al. (collectively "the O'Haras.") The basis of the original motion to dismiss was that the O'Haras filed their appeal late. The O'Haras have filed a memorandum in opposition to the motion to reconsider.
 {¶ 2} In ruling on a motion to reconsider, this court followsMatthews v. Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states: *Page 2 
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App. R. 26, construed.)"
 {¶ 4} In its reconsideration request, Louisville Title states that the court overlooked the fact that Louisville Title dismissed its counterclaim on November 19, 2008, and the defendant Fifth Third Bancorp ("Fifth Third") dismissed its cross-claim on December 1, 2008, thereby disposing of all remaining claims. Louisville Title states that since these claims were dismissed more than 30 days before the notice of appeal was filed, the appeal was untimely.
 {¶ 5} Our analysis of this procedural quagmire begins with a review of the claims filed in the trial court between the parties.
 {¶ 6} The O'Haras filed a three count complaint against defendant Louisville Title and a four count complaint against defendant Fifth Third in connection with an allegation that they are owed money under two agreements signed in 1962 and 1968. The third count against Fifth Third is for conversion of trust assets.
 {¶ 7} Louisville Title filed a counterclaim against plaintiffs for wrongful prosecution and malicious conduct as well as seeking a declaration that it has made all payments due to plaintiffs. *Page 3 
 {¶ 8} Defendant Fifth Third filed a cross-claim against Louisville Title for indemnification in the event it is found liable to plaintiffs.
 {¶ 9} The time line of pertinent events and filings in this case is as follows:
 {¶ 10} October 31, 2008
 {¶ 11} The trial court entered an order which granted the motions for summary judgment of both defendants in this case, Louisville Title and Fifth Third, and stated, "It is further ORDERED that plaintiffs' complaint is DISMISSED, with prejudice." The order does not contain a Civ. R. 54(B) no just reason for delay determination. Defendants' counterclaims and cross-claim remained pending.
 {¶ 12} November 14, 2008
 {¶ 13} Plaintiffs filed a motion to reconsider the interlocutory October 2008 judgment on the basis that their conversion claim against defendant Fifth Third was not before the court on summary judgment and was, therefore, dismissed in error.
 {¶ 14} November 19, 2008
 {¶ 15} Defendant, Louisville Title, dismisses all of its counterclaims without prejudice. *Page 4 
 {¶ 16} November 26, 2008
 {¶ 17} Defendant Fifth Third files a memorandum in opposition to plaintiffs' motion to reconsider.
 {¶ 18} December 1, 2008
 {¶ 19} Defendant Fifth Third dismisses its cross-claim against Louisville Title without prejudice.
 {¶ 20} December 11, 2008
 {¶ 21} Plaintiffs file their reply in support of their November 14, 2008 motion to reconsider.
 {¶ 22} January 6, 2009
 {¶ 23} The trial court enters a judgment denying plaintiffs' motion to reconsider.
 {¶ 24} January 9, 2009
 {¶ 25} The trial court enters a nunc pro tunc judgment which revises its October 31, 2008 judgment by stating that plaintiffs' conversion claim against Fifth Third remains pending before the court. The judgment further states that pursuant to Civ. R. 54(B) there is no just reason for delay.
 {¶ 26} January 27, 2009
 {¶ 27} Plaintiffs filed their notice of appeal.
 {¶ 28} After the notice of appeal was filed, Louisville Title filed a motion in this court to dismiss because the appeal was filed late. Louisville Title alleged that the O'Haras should have filed their appeal within 30 days of the October 31, 2008 judgment. *Page 5 
On April 1, 2009, we denied the motion to dismiss, stating that the October judgment was not a final appealable order and that the appeal was timely filed.
 {¶ 29} Louisville Title has now filed a motion asking us to reconsider our April ruling, stating that the October judgment became appealable on December 1, 2008, when the cross-claim and all counterclaims of the defendants were dismissed. Louisville Title cites the case of Denham v.New Carlisle (1999), 86 Ohio St.3d 594, where the court states:
 {¶ 30} "A trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ. R. 41(A)(1)." Id. at syllabus.
 {¶ 31} The O'Haras have filed a brief in opposition to the motion for reconsideration stating that since the October judgment did not address plaintiffs' conversion claim, the defendants' subsequent dismissal of their claims in November and December 2008 did not make the October judgment appealable. This argument fails, however, because the October judgment actually did, albeit by mistake, dispose of the conversion claim against Fifth Third.
 {¶ 32} Our own analysis of the situation in this case reveals that it is not analogous to the Denham v. New Carlisle scenario. In that case, plaintiff wished to appeal a summary judgment that was granted to one, but not all, of the defendants in the case. Since the trial court judge did not include a Civ. R. 54(B) determination that there is no *Page 6 
just reason for delay, the summary judgment was interlocutory and not appealable at that time. In order to appeal that decision, the plaintiff dismissed his case against the remaining defendants without prejudice. In Denham, the Ohio Supreme Court held that this is a valid method for plaintiff to use in order to appeal a summary judgment in favor of fewer than all the defendants.
 {¶ 33} In the present case, the O'Haras challenged the interlocutory partial summary judgment decision of October 2008 with a valid motion to reconsider prior to the time that the remaining counterclaims and cross-claim were dismissed, a circumstance not present inDenham. We find that when a valid motion challenging an interlocutory judgment is filed, and prior to a ruling on that motion, the remaining claims are dismissed or disposed of by the court or a party, the interlocutory judgment does not become final until the trial court has disposed of the motion challenging it. The trial court judge's ruling on a valid motion should not be rendered ineffectual by the disposition of all remaining claims. This would result in the party who filed the challenging motion losing its chance to appeal while waiting for a ruling by the trial court judge.
 {¶ 34} Accordingly, the October 2008 order became appealable on January 6, 2009; the January 27, 2009 notice of appeal was timely filed. Appellee's motion to reconsider is denied.
MOTION DENIED. *Page 7 
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., concur. *Page 1