HOYT et al., Appellants,

v.

HULL et al., Appellees.

[Cite as *Hoyt v. Hull* (1996), 111 Ohio App.3d 784.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 655.

Decided June 20, 1996.

*Edward L. Gilbert* and *Eugene B. Conrad,* for appellants.

*John C. Childers* and *John T. Smiley,* Carroll County Prosecuting Attorney, for appellees.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Carroll County Common Pleas Court, dismissing the complaint for declaratory judgment and injunctive relief filed by plaintiffs-appellants, Delores Hoyt et al.,[1] and granting the counterclaim/cross-claim filed by one of the defendants-appellees, namely Randy Hull.

On March 18, 1957, a petition was presented to defendant-appellee Carroll County Board of Commissioners requesting that approximately one mile of road, which was referred to as "Carroll County Road 21A" and which was located in both Center and Washington Townships, Carroll County, Ohio, be closed. The board of commissioners set a viewing date, along with a hearing date, and

purportedly published a legal notice. Nothing appeared in the board of commissioners' records to indicate that a viewing was made or that a hearing was held. On April 15, 1957, the board of commissioners granted the petition and closed the requested portion of County Road 21A.

On July 26, 1971, the Carroll County Board of Commissioners adopted a resolution to vacate the entire length of County Road 21A from State Route 39 eastward to County Road 21. Nothing appears in the board of commissioners' records to indicate that said vacation was done in response to a petition, that a viewing was made, that a hearing was held, or that any report was received from the Carroll County Engineer.

In October 1976, appellant, Delores Hoyt, and her husband purchased real property in Center Township, Carroll County, Ohio, to the north side of where County Road 21A formerly existed and intersected with State Route 39. Mr. Hoyt then transformed a portion of the former County Road 21A that was impassable, unused, and generally washed out into a driveway. The rest of the former County Road 21A remained unmaintained, eroded, unused, and otherwise in very poor condition.

In October 1985, the Carroll County Board of Commissioners rescinded the 1971 resolution vacating County Road 21A. However, since approximately 1972, County Road 21A was never maintained or used by the public, except for the portion that was used and maintained by the Hoyts for their driveway.

In December 1985, defendant-appellee Charles W. Hooper bought a tract of real property that apparently was originally accessed by County Road 21A and that adjoined the real property owned by the Hoyts. The only way for Mr. Hooper to reach his property was by going down County Road 21A, either by using the Hoyts' driveway or by coming in from the opposite end of County Road 21A. Mr. Hooper used the driveway only with permission from the Hoyts approximately once per year to inspect his property.

Appellant, Delores Hoyt, purchased an additional four acres of real property adjacent to that which she already owned in March 1994. Shortly after this purchase, she transferred it to her daughter, appellant, Ginger Brown. In April 1994, appellee, Randy Hull, an assistant to the Carroll County Engineer, purchased at sheriff's sale a tract of real property abutting County Road 21A. Defendants-appellees, Ronald McLaughlin, Michael K. McLaughlin, and Kenneth M. Scheel, purchased a tract of real property that adjoined the real property owned by appellee, Randy Hull, at sheriff's sale approximately one month later. Appellee, Randy Hull, testified at trial that appellee Ronald McLaughlin had offered him a key to the gate located at the intersection of County Road 21A and Avon Road so that he could get to his property, but he refused the key, since he had begun using the Hoyt driveway as an ingress and egress to his property.

On September 20, 1994, appellants filed a complaint for declaratory judgment and injunctive relief with the Carroll County Common Pleas Court, requesting that the trial court declare that County Road 21A was and remain closed and vacated, and that appellee, Randy Hull, had no right to an easement of necessity over their real properties.

Defendant-appellee Charles W. Hooper filed his answer *pro se* to appellants' complaint on September 26, 1994 and, on October 6, 1994, defendants-appellees, Carroll County Board of Commissioners and Carroll County Engineer, filed their joint answer.

On October 17, 1994, appellee, Randy Hull, filed his answer, accompanied by a counterclaim/cross-claim. Appellants filed a response to the answer on November 16, 1994. Appellants thereafter filed a request for leave to file a motion for summary judgment, which was opposed by appellee, Randy Hull, and ultimately overruled by the trial court. The parties subsequently filed pretrial briefs outlining the issues herein. This matter proceeded to bench trial on April 28, 1995.

After due consideration of the testimony and evidence presented, the trial court filed its opinion and judgment entry on May 11, 1995, dismissing appellants' complaint with prejudice, denying injunctive relief to all parties, granting appellee Randy Hull's counterclaim/cross-claim, and declaring that County Road 21A was an established public road that was part of the county's highway system under the control of the Carroll County Board of Commissioners and the Carroll County Engineer. Appellants promptly filed their notice of appeal from this decision.

Appellee Randy Hull thereafter sought a clarification of one portion of the trial court's opinion and judgment entry. The trial court filed its judgment entry clarifying its intent and meaning on June 23, 1995, to which appellee, Randy Hull, responded by filing a notice of appeal on July 24, 1995.

Appellants set forth four assignments of error on appeal.

■ Appellants' first assignment of error alleges:

"The lower court erred in determining that Carroll County Road 21A is an established public road [and that] the appellees were estopped from asserting that 21A was an established and open public road."

Appellants argue that Carroll County stopped maintaining County Road 21A as an open road nearly forty years ago and therefore should be estopped from denying that said road was vacated and closed for public use. Likewise, appellants state that the doctrine of estoppel applies to appellee, Randy Hull, since he knew said County Road 21A was abandoned, impassable, and no longer

appeared on any county maps when he purchased the real property that abutted same.

R.C. 5553.04 sets forth the procedure for vacating a road and provides:

"When the board of county commissioners is of the opinion that it will be for the public convenience or welfare to * * * vacate * * * a public road, it shall so declare by resolution, which resolution shall set forth the general route and termini of the road, or part thereof, to be * * * vacated * * *.

"When a petition, signed by at least twelve freeholders of the county residing in the vicinity of the proposed improvement, * * * is presented to the board requesting the board to * * * vacate * * * a public road, such board shall view the location * * *, and, if it is of the opinion that it will be for the public convenience or welfare * * *, it may proceed * * * as provided in sections 5553.04 to 5553.16, inclusive, of the Revised Code. * * *."

When the petition requesting that a portion of County Road 21A be closed and vacated was presented to the Carroll County Board of Commissioners on March 18, 1957, the board of commissioners set a viewing date, along with a hearing date. However, nothing appeared in the board of commissioners' records to indicate that a viewing was made or that a hearing was held.

After granting the aforementioned petition and closing the requested portion of County Road 21A, the Carroll County Board of Commissioners adopted a resolution on July 26, 1971 to vacate the entire length of County Road 21A from State Route 39 eastwardly to County Road 21. However, once again, nothing appeared in the board of commissioners' records to indicate that the vacation was done in response to a petition, that a viewing was made, that a hearing was held, or that any report was received from the Carroll County Engineer.

The Carroll County Board of Commissioners failed to comply with R.C. Chapter 5553 when it granted the petition to close County Road 21A in 1957 and, likewise, when it vacated this road in 1971. Therefore, it is apparent that County Road 21A was never closed or vacated in accordance with Ohio law. Recognizing its error, in October 1985, the Carroll County Board of Commissioners rescinded the 1971 resolution vacating County Road 21A.

There was no dispute that County Road 21A was originally an established public road; therefore, it could be vacated only in compliance with R.C. Chapter 5553, which was not accomplished in the case at bar.

Appellants' first assignment of error is found to be without merit.

Appellants' second assignment of error alleges:

"The lower court erred in determining that Carroll County Road 21A is an established public road: vacating 21A did not landlock appellee Hull's (previously Pittsburgh Consolidated's) parcel."

Appellants complain that the trial court erred in ruling that County Road 21A was the only public access to real properties owned by appellee, Randy Hull, and Mr. Hooper, and that the purported vacation of said road in 1957 or later effectively landlocked such properties for the predecessors in title. Appellants state that appellee Randy Hull's predecessor in title did not need or use County Road 21A and, therefore, the rights of the parties herein were fixed at the time the road in question was vacated in 1957. Appellants also contend that appellee, Randy Hull, has no right to access his real property over their land and his property is not totally landlocked, as an alternative access is available.

As previously stated, County Road 21A was originally an established public road that could be vacated only in accordance with law. This was not done in the case at bar. Therefore, no rights were fixed by the parties' predecessors in title as suggested by appellants. The owners of real property served by an established public road have a right to use it.

Further, the maps introduced into evidence by appellants indicate that both the real properties of appellee Randy Hull and Mr. Hooper would be landlocked without County Road 21A. Appellant Delores Hoyt admitted at trial that the only way for appellee Randy Hull or Mr. Hooper to get to their properties was to use County Road 21A.

Appellants' second assignment of error is found to be without merit.

Appellants' third assignment of error alleges:

"The lower court erred in determining that [County Road] 21A was an established public road: alleged lack of strict compliance with statutory requirements did not invalidate the 1957 and 1971 vacation proceedings."

Appellants claim that the Carroll County Board of Commissioners substantially complied with the statutory procedures for vacating a road in both 1957 and 1971. Nonetheless, appellants submit that any defects in the vacation proceedings have been cured over the extended period of public nonuse of County Road 21A and it is too late at this point in time to invalidate the vacation proceedings for lack of regularity. Appellants suggest that gaps in the board of commissioners' records do not necessarily mean statutory steps were not properly followed.

As previously stated, R.C. Chapter 5553 governs the procedures for vacating a public road. Although the Carroll County Board of Commissioners purportedly set both a viewing and hearing date with regard to County Road 21A, the board's records are devoid of any indication that the viewing and hearing took place. Likewise, there is nothing in the records to confirm any substantial compliance

with R.C. Chapter 5553. The trial court properly found that an order vacating a public road without proper compliance with the procedures prescribed by statute is invalid.

Appellants' third assignment of error is found to be without merit.

Appellants' fourth assignment of error alleges:

"The lower court erred in determining that [County Road] 21A is an established public road: assuming arguendo that appellee County Commissioners 'reestablished' the road in 1985, the road was vacated after seven years without actually opening it, under R.C. 5553.10."

Essentially, appellants maintain that after the Carroll County Board of Commissioners rescinded the 1971 resolution vacating County Road 21A in October 1985, County Road 21A remained unopened for more than seven years and, thereby, became legally vacated pursuant to R.C. 5553.10. The trial court determined that R.C. 5553.10 did not apply in this matter because it refers to roads that have been "established" pursuant to R.C. Chapter 5333 but not opened for public use.

Appellants take issue with the fact that the 1985 resolution that rescinded the 1971 resolution contained language that referred to the re-establishment of County Road 21A. However, the board of commissioners subsequently corrected and amended its 1985 resolution and such language was omitted.

R.C. 5553.10 states in part:

"A road, or part thereof, which remains unopened for seven years after the order establishing it was made or authority granted for opening it shall be vacated, and the right to build it pursuant to the establishment in the original proceedings therefore shall be barred."

The fact that the Carroll County Board of Commissioners failed to comply with the statutory requirements of R.C. Chapter 5553 in its efforts to close and vacate County Road 21A rendered these actions null and void; therefore, County Road 21A remained legally open, and the trial court properly found that R.C. 5553.10 was not applicable in the case at bar.

Appellants' fourth assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and GENE DONOFRIO, J., concur.