**THOMPSON et al., Appellants,**

v.

**SMITH, Appellee.**

[Cite as *Thompson v. Smith,* 172 Ohio App.3d 98, 2006-Ohio-7270.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 04 CO 62.

Decided May 24, 2006.

Critchfield, Critchfield & Johnston, David J. Wigham, and Steven J. Shrock, for appellants.

Aronson, Fineman & Davis, Joseph L. Ludovici, and Daniel P. Osman, for appellee.

WAITE, Judge.

{¶ 1} Appellants, Donald and Rebecca Thompson, appealed from a judgment entry denying summary judgment in a property dispute with appellee, Marlene K. Smith. This appeal involves only the trial court's dismissal of appellants' claim for injunctive relief. The matter stems from a dispute over access to Ashton Road, a township road that is no longer maintained by Madison Township. The road has not been legally vacated by the county. It has become overgrown with weeds, trees, and shrubs. Appellee has attempted to use the road, or what used to be a road, to have access to her property. Appellants have installed metal posts to block access to part of the road.

{¶ 2} Appellants allege that appellee trespassed on their property while attempting to use Ashton Road, and one of their claims involved a request for injunctive relief to prevent appellee from entering Ashton Road and from entering appellants' property. Appellee later filed a counterclaim and a motion for a preliminary injunction to enjoin appellants from hindering her and her agents from having access to Ashton Road. The Columbiana County Court of Common Pleas ruled that there were genuine issues of material fact in dispute as to some of the claims, but that certain issues could be resolved in summary judgment. The trial court held that appellee did not trespass while using Ashton Road, a public road. It dismissed all claims seeking to enjoin appellee from using Ashton Road and claims for damages as a result of appellee's alleged trespass on the road. The court also held that it had no authority to quiet title to a public road. The court further determined that there was no just reason for delay, indicating its intent that the issuance of partial summary judgment should be treated as a final, appealable order.

{¶ 3} Based on the arguments that follow, we conclude that the trial court had the authority to fashion some type of injunctive relief in this case and is not

barred from issuing an injunction merely because Ashton Road continues to be a public road. Given the complexity of the disputed facts that have been presented prior to and as part of appellee's motion for summary judgment, it appears from the record that summary judgment is not appropriate in this case. The trial court's general conclusion that Ashton Road is a public road, "upon which no one can be found to have trespassed," does not resolve the basic problem that appellee apparently intends to take it upon herself to clear and reestablish a road that has not yet been surveyed and that cuts through a neighbor's property, without any direction from the township, the neighbor, or the court. While the trial court may ultimately use its discretion to deny appellants the injunctive relief that is being sought, at this stage in the proceedings, it appears that the trial court dismissed the injunction based on a legal impediment that does not exist. Therefore, the decision of the trial court is reversed with respect to the dismissal of appellants' injunctive claims, whether those claims relate to Ashton Road or to appellants' own property.

## FACTS AND PROCEDURAL HISTORY

{¶ 4} This case arose out of a property dispute that began when appellee attempted to use an old township road named Ashton Road, in Madison Township, Columbiana County, Ohio, near the Columbiana County Airport. Some or most of Ashton Road has not been maintained by Madison Township for many years and is mostly overgrown with trees and foliage. Ashton Road cuts through property owned by both appellants and appellee. Appellee owns 134 acres of land (the "Smith property"), abutting and situated to the north and northwest of 53 acres owned by appellants (the "Thompson property"). Ashton Road begins somewhere west of the Smith property, then cuts generally southwest through both parties' properties, and eventually connects to other maintained township and county roads to the south and east of the Thompson property.

{¶ 5} The record contains conflicting evidence about whether appellee's 134 acres are landlocked and whether Ashton Road would be appellee's only access to other improved and maintained roads. The Smith property was cut off from access to the north many years ago when State Route 11 was built. There are indications in the record that in more recent years, appellee did have access to her property from the west, with permission from the landowners to the west (who are referred to in the record as the Elks). There is some indication that this permission was later revoked or curtailed by the Elks, leading appellee to turn to Ashton Road for access to her property.

{¶ 6} A portion of Ashton Road serves as a private driveway to the houses in and around the southwest corner of the Thompson property. There are private homes adjacent to this section of Ashton Road. It is partly maintained as a gravel

driveway by appellants. None of it appears to be maintained by the township. Appellants do not maintain any portion of Ashton Road beyond their own driveway and private home, meaning to the west and northwest of their home.

{¶ 7} At some point prior to the filing of the complaint, appellee or her agents entered what they assumed was Ashton Road and removed a locked gate that was crossing the right of way. The gate had actually been installed by appellee some years before, but it had not been locked until appellants installed a lock on it.

{¶ 8} On December 30, 2003, appellants filed a complaint against appellee in the Columbiana County Court of Common Pleas, listing four counts: trespass, preliminary injunction, permanent injunction, and quiet title. On March 4, 2004, appellee filed an answer and a one-count counterclaim.

{¶ 9} Sometime after the complaint was filed, appellants installed seven metal posts across what they consider to be an abandoned part of Ashton Road. Appellants also initiated separate proceedings to officially vacate Ashton Road.

{¶ 10} On June 9, 2004, appellee filed a motion for a preliminary injunction to prevent appellants from blocking Ashton Road, to force appellants to remove the metal posts that appear to be blocking Ashton Road, and to prevent appellants from pursuing any action to officially vacate Ashton Road. The motion was heard on July 22, 2004. The hearing blossomed into a trial on the preliminary injunction request and included extensive testimony by all the parties, along with the admission of numerous exhibits. The court rendered its decision on July 26, 2004. The court overruled the motion for preliminary injunction in its entirety, concluding that appellee had not established an immediate threat of irreparable harm, nor had she demonstrated the likelihood of success on the merits. The court found it notable that appellants had installed the metal posts on March 4, 2004, and that appellee had not filed the motion for preliminary injunction until June 9, 2004, over three months later. The court also concluded that appellants would likely be harmed by the issuance of the injunction.

{¶ 11} On September 23, 2004, appellee filed a motion for summary judgment. The motion argued that a member of the general public could not be found to trespass on a public road and that the court of common pleas had no jurisdiction to quiet title to a township road. The motion asked the court to dismiss the trespass claim and the quiet-title claim. The only evidence that appellee used to support the motion was a photocopy of what appears to be a certified copy of the minutes of a meeting of the Columbiana County Commissioners held on August 25, 2004. The document stated that the commissioners had denied appellants' request to have Ashton Road vacated because "petitioners did not prove that this road has not been in use and the land in question would be landlocked. Commissioner Hoppel agreed and also, added that the wells were still in use."

The reference to "wells" appears to be a reference to gas wells that exist on appellee's property.

{¶ 12} Appellants filed a brief in opposition to summary judgment on October 7, 2004. Appellants did not file any evidence as permitted under Civ.R. 56(C), apparently relying on the evidence already in the record. They argued that the decision of the county commissioners on August 25, 2004, affected only the continued existence of Ashton Road and did not permit appellee to trespass on property that was outside the boundaries of Ashton Road. They asserted that the county commissioners' decision did not give appellee the right to make improvements to the abandoned part of Ashton Road. Furthermore, they contend that the county commissioners did not grant appellee an easement of necessity to use any part of appellants' property. Appellants conceded that appellee was lawfully permitted to use Ashton Road to access her property, but only in its present condition. Appellants also apparently conceded that they could not pursue a quiet-title action concerning Ashton Road, but still insisted that the quiet-title claim referred to the title to their own property and that their quiet-title action was in no way affected by the county commissioners' decision. Appellants also argued that appellee had presented no evidence to show that she had satisfied the requirements for obtaining a prescriptive easement over any portion of appellants' property.

{¶ 13} On October 21, 2004, appellee filed a reply to appellants' memorandum in opposition. Again, no additional evidence was attached to the reply.

{¶ 14} On October 29, 2004, appellants filed a supplement to their response, but this was stricken from the record on November 3, 2004.

{¶ 15} On November 3, 2004, the trial court issued its judgment. The court held that "there remain some genuine issues of material fact to be decided." Nevertheless, the court held that Ashton Road was a public road, as decided by the county commissioners on August 25, 2004. The court held that none of the parties have acquired any private ownership interest in the public road known as Ashton Road and that none of the parties can be found to have trespassed on Ashton Road. The court decided that "[t]hose portions of Counts I, II, and Count III * * * which seek to enjoin and restrain the Defendant [Mrs. Smith] and her agents from entering onto Ashton Road or for damages as a result of alleged 'trespassing' on Ashton Road are all *dismissed*." (Emphasis sic.) The court held that no person has the authority to erect obstacles on a public road. The court also held that it had no authority to quiet title to Ashton Road.

{¶ 16} On November 9, 2004, the court filed a nunc pro tunc entry, adding "no just reason for delay" language to the November 3, 2004 judgment entry. Appellants filed their appeal on December 8, 2004.

## FINAL, APPEALABLE ORDER STATUS

■ {¶ 17} There is some question about whether there is a final, appealable order in this case. The trial court stated that there were material facts in dispute but also rendered summary judgment on some issues in the case. The trial court then certified that judgment as a final, appealable order, using the "no just reason for delay" language contained in Civ.R. 54(B), which states:

{¶ 18} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

■ {¶ 19} It is sometimes said that the recitation of Civ.R. 54(B) language is not a magical incantation that transforms an interlocutory order into a final, appealable order. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. For an order to be final and appealable, it must first meet the requirements of R.C. 2505.02 or some other similar statute that clearly allows for immediate appeal. *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184.

{¶ 20} The newly revised version of R.C. 2505.02(B) (effective April 7, 2005) states:

{¶ 21} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 22} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 23} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 24} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 25} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 26} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 27} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 28} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶ 29} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code."

{¶ 30} Appellants are appealing only the trial court's denial of their claims for injunctive relief. The judgment entry states that "portions" of counts one, two, and three are dismissed. Counts two and three were requests for preliminary and permanent injunctions. The judgment entry dismissed all claims for injunctive relief for trespass on Ashton Road, but it is not clear that the trial court denied any claim of injunctive relief for parts of appellants' property that were outside the boundaries of Ashton Road. The court has not yet determined the boundaries of Ashton Road or the boundaries of appellants' property.

{¶ 31} It appears that the trial court granted summary judgment with respect to all of appellants' claims for injunctive relief, whether referred to as a preliminary or a permanent injunction, and that appellants may be immediately harmed by this judgment because appellee is poised to clear a path on what may ultimately be found to be appellants' property. Thus, the judgment qualifies as a final, appealable order through both R.C. 2505.02(B)(1) and (B)(4).

## ASSIGNMENT OF ERROR

{¶ 32} "The Trial Court erred as a matter of law in granting partial summary judgment to Defendant, dismissing Plaintiffs' claim for an injunction prohibiting Defendant from using an abandoned public roadway."

{¶ 33} This appeal involves the review of a judgment entry granting summary judgment. Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. In accordance with Civ.R. 56, summary judgment is appropriate when:

{¶ 34} "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph

three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 35} If the moving party satisfies its initial burden of proof, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher,* supra, 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 36} Appellants' main argument is that the general public, including appellee, has no absolute right to use or change a township road that is not being maintained by the township, whether or not the road has been formally vacated by the township. Appellants contend that this is particularly true when the private clearing of the public road may also result in trespass or damage to neighboring private property. Appellants rely primarily on the case of *Miller v. Catlett* (Jan. 22, 1998), 7th Dist. No. 96–CO–13, 1998 WL 30071, in support. *Miller* involved a property dispute much like the instant case and also arose near Lisbon, Ohio, in Columbiana County. In *Miller,* the two landholders had adjoining parcels, with a township road separating the parcels. The road had not been in use for over 50 years, but had not been formally vacated by Wayne Township. Mr. Catlett had desired to open up the old road in preparation for the sale of his property. Mr. Catlett began bulldozing what he thought was the road's right of way, but no survey had been done to determine the boundaries of the old road.

{¶ 37} Both parties in *Miller* filed for injunctive relief. After a full trial, the court ruled in Miller's favor and held that only the township had the authority to make substantial improvements to a township road. Id. at *1. The trial court recognized that a private citizen could obtain an injunction to prevent the obstruction of a public road, but concluded that a road that is not used or maintained for over 50 years cannot be treated as an obstructed right of way.

{¶ 38} This court affirmed the trial court's judgment. First, we agreed that the exclusive remedy for vacating a township road is contained in R.C. 5553.042, which states (in its current version):

{¶ 39} "(B) A township shall lose all rights in and to any public road, highway, street, or alley which has been abandoned and not used for a period of twenty-one years, after formal proceedings for vacation as provided in sections 5553.04 to 5553.11 of the Revised Code have been taken. Upon petition for vacation of such a public road, highway, street, or alley filed with the board of county commissioners by any abutting landowner, if the board finds that the public road, highway,

street, or alley has been abandoned and not used for a period of twenty-one years as alleged in the petition, the board, by resolution, may order the road, highway, street, or alley vacated, and the road, highway, street, or alley shall pass, in fee, to the abutting landowners, as provided by law, and subject to all of the following:

{¶ 40} "(1) Any existing right of way in, over, or under the road, highway, street, or alley for the service facilities of any public utility or electric cooperative for as long as the public utility or electric cooperative continues to render service to the public;

{¶ 41} "(2) The right of ingress and egress for a public utility or electric cooperative to service and maintain its service facilities as provided under section 5553.043 of the Revised Code;

{¶ 42} "(3) The right to trim or remove any trees, shrubs, brush, or other obstacles growing in or encroaching onto the right of way that may affect the operation, use, or access to service facilities;

{¶ 43} "(4) Any right of way for public nonmotorized vehicular recreational use as provided under section 5553.044 of the Revised Code."

{¶ 44} Even though it was clear in *Miller* that the township road had never been formally vacated, this court also agreed that the township, rather than private citizens, controlled the right to maintain and improve the road and that a private citizen could not simply bulldoze an abandoned public right of way for his or her private interests. Id. As stated in R.C. 5535.01: "(C) Township roads include all public highways other than state or county roads. The board of township trustees shall maintain all such roads within its township."

{¶ 45} In *Miller,* this court cited with approval the following conclusion of the trial court:

{¶ 46} "Defendants be, and hereby are, enjoined from going upon the property of Plaintiffs or the alleged roadway in question * * * [O]nly the township trustees have rights in regard to use of said roadway. This roadway has not been used by Defendants by way of adverse possession or otherwise for ingress and egress. * * * This Court considers that the jury was well within its province in granting judgment against the Defendants from conduct which amounted to the Defendant showing up at Plaintiffs' property, unloading a bulldozer and, thereafter, cutting a swath through Plaintiffs' farmland, on the ostensible basis that there was a road dedicated sometime in the 1800's which had never been officially vacated, all so that Defendant could reach a parcel of property owned by himself located behind Plaintiffs' property." Id. at *4.

{¶ 47} Although the *Miller* case presents a rather extreme set of facts that weighed against allowing the defendant to use the abandoned but not yet vacated township road, appellants rely on *Miller* merely to emphasize that it is at least

*possible* to issue an injunction to prevent a member of the general public from using a public road, given the right set of circumstances. *Miller* does stand for that proposition, and it is a fairly recent case issued by this very court. Furthermore, *Miller* deals with a township road near Lisbon, similar to the instant case.

{¶ 48} Appellee would like to distinguish the facts of *Miller* from those of the matter before us. Appellee emphasizes that unlike the facts in *Miller*, in this case appellee had attempted to conduct a survey of the property to determine where the property lines are and that she had not (at least not yet) sent bulldozers in to clear Ashton Road. It was also clear in *Miller* that Catlett had actually damaged some of Miller's property, whereas it is not clear in this case whether such damage has occurred. These are not persuasive distinctions between the two cases. It is clear that appellee ultimately intends to improve Ashton Road, and *Miller* stands for the principle that only the township trustees can make such improvements or grant permission for such improvements.

{¶ 49} The judgment entry in the instant case appears to be based on a blanket conclusion that there are no circumstances in which an injunction could be granted to prevent a private citizen from using a public road, and yet it is clear from *Miller* that such circumstances can and do exist. Although the trial court in this case might ultimately rule that the evidence does not support granting an injunction, the court is not constrained by law from issuing one if it so desires.

{¶ 50} Appellee further cites the case of *Hoyt v. Hull* (1996), 111 Ohio App.3d 784, 677 N.E.2d 377, in support. *Hoyt* was also issued by this court. *Hoyt* involved County Road 21A in Carroll County. This road was never used or maintained by the public, except for a small portion that was used as a driveway by the Hoyts. Adjoining landowners also began using the Hoyts' driveway to access their property, sometimes with permission and sometimes not. The Hoyts eventually filed a complaint requesting that County Road 21A be closed and vacated, and they asked for a declaration that Randy Hull (a nearby property owner) had no right to an easement of necessity over the Hoyts' driveway. Hull later filed a counterclaim, asking for a declaration establishing County Road 21A as a public road under the control of the Carroll County Board of Commissioners. The trial court dismissed the Hoyts' claims, denied all parties' claims of injunctive relief, granted Hull's counterclaim for declaratory relief, and granted an easement of necessity to the defendants. This court affirmed the trial court's judgment.

{¶ 51} There is nothing in *Hoyt* that contradicts the conclusions reached in *Miller*. In *Hoyt*, this court once again affirmed that the only means for officially vacating a public road was through the statutory vacation proceedings. Id. at 788, 677 N.E.2d 377. There was some confusion in *Hoyt* about whether the road

had been officially vacated, but this court concluded that it had not. Id. Some issues in the *Hoyt* case dealt with the requirements for vacating a county road, rather than a township road, but these issues are not relevant to the instant matter. The fact that the trial court in *Hoyt* granted an easement of necessity is really a separate issue, for such an easement would presumably be necessary whether or not an unused public road happened to be in the vicinity. There is no legal ruling in *Hoyt* that contradicts the basic conclusion that government entities are in charge of maintaining public roads and that an injunction could issue to limit how a person may use a public road, particularly if that person plans to make significant changes to that road and if those changes would likely impinge upon the rights of adjoining landowners.

{¶ 52} One of the primary purposes of injunctive relief in Ohio is to protect property rights. *Strah v. Lake Cty. Humane Soc.* (1993), 90 Ohio App.3d 822, 829, 631 N.E.2d 165. The trial court in this case is free to utilize the remedy of injunctive relief to protect the rights of the parties, even though the primary dispute involves access to and use of a public road.

{¶ 53} There are unresolved factual disputes in this case concerning the property rights of the parties and their actions and intentions with respect to Ashton Road. Therefore, summary judgment is not appropriate. The judgment of the Columbiana County Court of Common Pleas is hereby reversed, and this cause is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

DONOFRIO, P.J., and DEGENARO, J., concur.